UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LARONDA F. McAFEE, ) | No. ED CV 12-01630-VBK |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| v. ) | |
| ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue :

1. Whether the Administrative Law Judge ("ALJ") properly

considered if the Plaintiff meets or equals Listing 1.02A. (Js at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

I

**THE ALJ DID NOT ERR IN CONCLUDING THAT PLAINTIFF DOES NOT MEET OR EQUAL LISTING 1.02, WHICH CONCERNS THE MUSCULOSKELETAL SYSTEM**

Within that argument, Plaintiff also contends that the ALJ failed to consider the impacts of her acknowledged obesity on her functional abilities. Finally, Plaintiff argues that the ALJ failed to properly analyze whether she had rebutted the presumption of continuing non-disability as set out in Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988) and Acquiescent Ruling 97.4(9). Each of these arguments will be addressed under this heading.

Plaintiff filed a prior application for Social Security Income ("SSI") benefits on November 6, 2000 (AR 42-64), resulting in an unfavorable decision by an ALJ in November 2003, which became final when Plaintiff failed to appeal the Appeals Council's adverse decision. (AR 14.) Plaintiff alleges here that there has been an increase in the severity of her impairments and the existence of an impairment not previously considered and that she has therefore rebutted the presumption of continuing non-stability required in Chavez. This argument is easily addressed. The prior Decision indicated that Plaintiff could perform less than a full range of medium work, while in the present case, the ALJ determined that she in fact has a more restrictive exertional functional ability.

2

In the present case, the ALJ determined that Plaintiff has severe impairments including supermorbid obesity, degenerative disc disease of the lumbrosacral spine, and osteoarthritis of the knees. (AR 12.) After evaluating the medical evidence, the ALJ assessed a residual functional capacity ("RFC") which allowed Plaintiff to perform light work (see 20 CFR § 416.967(b)), with additional exertional limitations, including, as pertinent to this case, that Plaintiff "should avoid walking on uneven ground ..." (AR 13.)

It is Plaintiff's contention that because the ALJ found that she has this functional limitation, she also, per se, has an inability to ambulate effectively, as defined in Listing 1.02. But, in fact, the ALJ did properly evaluate the medical evidence, as the Court will discuss.

Plaintiff was provided an orthopedic consultative examination ("CE") on November 11, 2009 by the Department of Social Services, by Dr. Simmonds. Dr. Simmonds took a history from Plaintiff, who indicated to him that "she currently ambulates unassisted." (AR 462.) He also noted that during the examination she "moved freely in and out of the office and about the examination room." (AR 463.) Dr. Simmonds performed a complete orthopedic examination and functionally assessed Plaintiff as being able to effectively perform light work with certain limitations, which included limiting walking on uneven terrain to an occasional basis. (AR 462.) The ALJ went even further in determining that Plaintiff should not perform any work which requires her to walk on uneven surfaces.

The ALJ also relied upon the testimony of a Medical Expert ("ME"), who testified that Plaintiff's impairments did not meet or equal a Listing, and indeed, that she had a capacity to perform work

that was consistent with the ALJ's RFC finding. (AR 13, 15-16, 26-28.) An ALJ may rely upon testimony of an ME as substantial evidence where there is a specific rationale provided to justify the opinion. See Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999).

In his Decision, the ALJ noted that although Plaintiff reported that she uses a cane to ambulate around her home, she got to the hearing room from the parking lot without a cane. (AR 15.)

Plaintiff's own testimony at the hearing before the ALJ was that she uses a cane to help her get up, such as getting up from her bed, but that she "just use[s] it some days, not every day." (AR 39.) She claimed that she uses a cane to help her walk, but she did not have to use it going from the car to the ALJ's hearing. (Id.) She uses a cane only "during the day sometimes," but does not use any other assistive device. (Id.)

During her CE with Dr. Simmonds, Plaintiff was, as noted, given an orthopedic examination, and was found to have normal station and gait, in particular, demonstrating normal heel to toe tandem gait and an ability to walk on her heels and her toes respectively. (AR 463.)

It is required that Plaintiff demonstrate by evidence that she meets or equals a Listing; however, in this case, Plaintiff only points to the ALJ's determination that she would have a functional limitation of not ambulating on uneven surfaces. The problem with this argument, primarily, is that Plaintiff is conflating an assessment of a functional limitation with a diagnosed condition which meets a Listing. It is Plaintiff's burden to demonstrate that she has the types of symptoms which are required in order to meet or equal a Listing. In the case of Listing 1.02, it is required that there be a demonstrated inability to ambulate effectively on a sustained basis

4

for any reason. The Listing goes on to define what is meant by inability to ambulate effectively, which is generally characterized as an inability to demonstrate sufficient lower extremity functioning to permit independent ambulation without the use of a handheld assistive device. Rxamples are provided of ineffective ambulation which include an inability to walk without the use of walker, two crutches, or two canes. (See Listing 1.02(b)(2).)  There simply is no evidence in this record to demonstrate that Plaintiff has any such symptoms, and in fact, the evidence is to the contrary.

With regard to Plaintiff's contention that the ALJ failed to adequately assess the impact of her obesity on her functional abilities, the Court finds that the ALJ's Decision reflects that substantial attention was paid to the medical records, with regard to any impact of Plaintiff's obesity on her functioning. (See discussion at AR 15-16.) The Court determines that pursuant to the requirements set out in Celaya v. Halter, 332 F.3d 1177, 1181 n.1. (9th Cir. 2003), the ALJ adequately considered any impact Plaintiff's obesity might have in determining her RFC, and Plaintiff has not provided any evidence to the contrary, as is her burden. (See Social Security Ruling 02-1p.)

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: August 5, 2013                        /s/
                                       VICTOR B. KENTON
                                       UNITED STATES MAGISTRATE JUDGE